IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVELYN HOLMAN, | ) | |
| | ) | C.A. No. 09-772 (MMB) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF DELAWARE, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ARAMARK EDUCATIONAL SERVICES, INC.; ARAMARK EDUCATIONAL SERVICES, LLC; ARAMARK EDUCATIONAL GROUP, LLC; ARAMARK, INC.; and ARAMARK CORPORATION, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## UNIVERSITY OF DELAWARE'S THIRD-PARTY COMPLAINT

Defendant, the University of Delaware (the "University"), by and through its undersigned counsel, hereby asserts a Third-Party Complaint against Third-Party Defendants Aramark Educational Services, Inc., Aramark Educational Services, LLC, Aramark Educational Group, LLC, Aramark, Inc. and Aramark Corporation (collectively, "Aramark") for indemnification. In support thereof, the University states as follows:

## PARTIES

1. Aramark Educational Services, Inc. is identified in the contract between the University and Aramark as a Delaware corporation with a notice address of The Aramark Tower, 1101 Market Street, Philadelphia, Pennsylvania 19107.

2. Aramark Educational Services, LLC, is a Delaware limited liability company. Its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. Aramark Educational Group, LLC is a Delaware limited liability company. Its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. Aramark, Inc. is identified in the contract between the University and Aramark as a Delaware corporation with a notice address of The Aramark Tower, 1101 Market Street, Philadelphia, Pennsylvania 19107.

5. Aramark Corporation is a Delaware corporation. Its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## FACTUAL BACKGROUND

6. On or about July 1, 2001, the University and Aramark entered into a contract whereby Aramark was to provide dining services on the University campus. That contract has since been renewed through at least June 30, 2010.

7. Pursuant to the Contract, Aramark has agreed that it:

> shall indemnify and hold harmless the University and its trustees, officers, employees and agents from any and all damage, loss, claim, liability, injury, action, suit, or other expense (including, without limitation, attorneys' fees and expenses) of any kind and nature whatsoever which may be imposed on, incurred by or asserted against the University arising out of or relating to any act or failure to act by ARAMARK or its directors, officers, employees and agents in the performance of this Agreement by ARAMARK....

Contract at §VI(F).

8. The Contract further provides

> ARAMARK shall maintain safety in the workplace. ARAMARK shall abide by and enforce all applicable state and federal laws, rules and regulations relating to safety in the workplace. The University shall assist ARAMARK in maintaining safety in the workplace by participating in an advisory manner . . . .

Contract at §II(B)(7).

## Count I
### Demand for Indemnification, Contribution and Defense Against Aramark

9. The University hereby incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

10. Pursuant to the aforesaid agreement, Aramark agreed to indemnify and hold harmless the University for "any and all damage, loss, claim, liability, injury, action, suit, or other expense (including, without limitation, attorneys' fees and expenses) of any kind and nature whatsoever which may be imposed on, incurred by or asserted against the University arising out of or relating to any act or failure to act by ARAMARK or its directors, officers, employees and agents in the performance of this Agreement by ARAMARK."

11. Aramark is therefore obligated to:

   (a) Assume the defense and costs of the University; and

   (b) In the event Holman is awarded damages upon any of the claims asserted in the Action, the University is entitled to recover from Aramark the full amount of any damages so awarded under the doctrines of indemnification and contribution.

### Count II
### Common Law Contribution and Indemnification
### Against Aramark

12. The University hereby incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

13. To the extent that the University is found liable to Holman for any damages, costs or attorneys' fees, the University asserts that such liability is properly the obligation and responsibility of Aramark.

14. The University therefore seeks contribution and indemnification from Aramark for the entirety of any damages, costs or attorneys' fees for which the University is found to be liable.

WHEREFORE, Defendant/Third-Party Plaintiff University of Delaware demands judgment in its favor and against Third-Party Defendants Aramark Educational Services, Inc., Aramark Educational Services, LLC, Aramark Educational Group, LLC, Aramark, Inc. and Aramark Corporation, plus attorneys' fees and costs.

SAUL EWING LLP

William E. Manning, Esquire (#697)
James D. Taylor, Jr., Esquire (#4009)
Jennifer M. Becnel-Guzzo, Esquire (#4492)
222 Delaware Avenue, Suite 1200
P. O. Box 1266
Wilmington, DE 19899
(302) 421-6800
(302) 421-6813 (facsimile)
wmanning@saul.com
jtaylor@saul.com
jbecnel-guzzo@saul.com
*Counsel for Defendant University of Delaware*

December 23, 2009