# EXHIBIT "A"

15/960475.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVELYN HOLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | C. A. NO.: 09-772 (MMB) |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF DELAWARE, | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendant | ) | |

### AFFIDAVIT OF JENNIFER M. BECNEL-GUZZO, ESQUIRE

STATE OF DELAWARE      :
                                            SS.
COUNTY OF NEW CASTLE:

I, Jennifer M. Becnel-Guzzo, Esquire, being duly sworn hereby aver as follows:

1. I am over the age of 18 and competent to make this affidavit.

2. On December 15, 2009, I caused to be filed an Answer to Plaintiff's Complaint on behalf of Defendant, the University of Delaware (the "University"). In its Answer, the University denied as legal conclusions plaintiff's allegations that defendant owned, operated, managed, and controlled the cafeteria kitchen located in the Goodstay Building.

3. On December 21, 2009, I spoke by telephone with plaintiff's counsel in anticipation of the Preliminary Scheduling Conference with the Court on December 23, 2009.

4. During the course of the telephone call, I advised that the University would be filing a Third-Party Complaint against various Aramark entities because Aramark was the dining services provider on the University campus. Plaintiff's counsel responded that the statute of limitations would run in January 2010. I advised that the University would be filing the Third-

Party Complaint on or before December 23, 2009 to comply with Judge Baylson's Pretrial and Trial Procedures.

5. On December 23, 2009, the University filed its Third-Party Complaint naming Aramark Educational Services, Inc., Aramark Educational Services, LLC, Aramark Educational Group, LLC, Aramark, Inc. and Aramark Corporation as Third-Party Defendants.

6. The University filed its Initial Disclosures on December 23, 2009. The University identified Michael Buck, catering director of the University dining services, as a person who may have discoverable information relevant to the facts alleged with particularity in the pleadings. The University also identified the contract between the University and Aramark as a document which was reasonably likely to bear significantly upon the claims and defenses.

7. On March 24, 2010, Third-Party Defendants, Aramark Educational Services, Inc., Aramark, Inc., Aramark Educational Group, LLC, and Aramark Corporation were voluntarily dismissed from the case, and on April 16, 2010, the remaining Aramark defendant, Aramark Educational Services, LLC, was dismissed with prejudice.

8. Because of the facts above, Plaintiff was aware of the identity of the Aramark entities prior to the expiration of the statute of limitations.

9. I reserve the right to supplement this Affidavit upon my review of additional information.

_____
Jennifer M. Becnel-Guzzo, Esquire

SWORN TO AND SUBSCRIBED before me this 29 APRIL of 2010.

_____
NOTARY PUBLIC

15/960244.v1