**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EVELYN HOLMAN, )<br>P.O. Box 14116 )<br>Philadelphia, PA 19138 )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>UNIVERSITY OF DELAWARE, )<br>201 South College Avenue )<br>Newark, DE 19716 )<br>)<br>ARAMARK EDUCATIONAL SERVICES, )<br>LLC, )<br>1101 Market Street )<br>Philadelphia, PA 19107 )<br>)<br>      Defendants )<br>) | Case No. 09-772 (MMB) |

**[COMPLAINT]**

**CIVIL ACTION - AMENDED COMPLAINT**

Plaintiff, Evelyn Holman (hereinafter referred to as Plaintiff), brings this suit to recover for damages, as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

2. The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (a).

## PARTIES

4. Plaintiff, Evelyn Holman (hereinafter referred to as Plaintiff) is an individual citizen and resident of the Commonwealth of Pennsylvania with a primary residential address as listed in the caption of this Complaint.

5. Defendant, University of Delaware is and was at all times material hereto a state assisted privately chartered university with a primary business address as listed in the caption of this Complaint.

6. <u>Defendant, Aramark Educational Services, LLC, is a corporation licensed to do business in the State of Delaware, with a principal place of business at the address shown in the caption of this Complaint.</u>

7. At all times material hereto, the cafeteria kitchen located in the Good Stay Building, 1200 Pennsylvania Avenue, Wilmington, DE was owned, operated, managed and controlled by Defendant<u>s</u>, through <u>their</u> employees, servants and/or contractors, and all individuals employed by Defendants who worked in the cafeteria kitchen at this location were under the direct supervision and/or control of the Defendants.

8. At all times material hereto, the cafeteria kitchen located in the Good Stay Building, 1200 Pennsylvania Avenue, Wilmington, DE was under the exclusive care, control and custody of the Defendant<u>s</u>, through <u>their</u> employees, servants and/or contractors.

9. On or about January 24, 2008 Plaintiff was employed as a utility worker by Hospitality Staff, Inc. located at 12th & Spring Garden Streets, Philadelphia, PA.

10. On that date, Plaintiff was assigned to work in the cafeteria kitchen located in the Good Stay Building, 1200 Pennsylvania Avenue, Wilmington, DE.

11. On that date Plaintiff was walking inside the kitchen when she was suddenly and unexpectedly caused to trip and fall due to a dangerous and/or defective condition which existed in the kitchen, namely, an electrical appliance cord that had been stretched across the floor, thereby causing Plaintiff to sustain serious and permanent

injuries which will hereinafter be more fully described.

**COUNT I**
**[PLAINTIFF, EVELYN HOLMAN V. UNIVERSITY OF DELAWARE]**
**NEGLIGENCE**

12. Plaintiff, Evelyn Holman, hereby incorporates by reference hereto, paragraphs one through eleven, inclusively, as if the same were fully set forth herein at length.

13. The aforementioned incident was caused solely by the negligence and/or carelessness of the Defendants, whose employees, servants and/or contractors failed to properly keep the interior of the main cafeteria kitchen safe for pedestrians and/or workmen in the kitchen and whose negligence and/or carelessness consisted of the following:

  (a) creating the defective condition which existed at or near the walking surface of the floor in the main cafeteria kitchen, namely, an improperly placed electrical appliance cord stretched across an area where pedestrians walk;

  (b) failing to properly inspect, discover and remedy the defective condition which existed at or near the walking surface of the floor in the main cafeteria kitchen, namely, an improperly placed electrical appliance cord, which the Defendant knew or reasonably should have known existed prior to the time of Plaintiff's fall;

  (b) failing to warn members of the general public and/or workmen and contractors of the dangerous conditions which existed;

  (c) allowing a dangerous and hazardous condition to exist on, of and/or about the subject premises;

14. At all times material hereto, Defendants' employees were acting in the scope and course of their employment with Defendants, and all negligent and/or careless acts and omissions as described above were performed in the scope and course of their employment.

15. At all times material hereto, Plaintiff acted with due care and was not contributorily negligent.

16. As a result of the aforementioned incident, Plaintiff was caused to sustain serious and permanent injuries in, on and about her person, including but not limited to injuries to her right shoulder which have caused and will continue to cause her a great deal of embarrassment, humiliation, pain, suffering, agony, inconvenience, and which are permanent in nature and character, and claim is made therefor.

17. As a result of the aforementioned incident and resulting injuries, Plaintiff has been caused to expend various sums of money for medicine and medical attention in an effort to treat and cure herself of these injuries and to have essential services performed during the duration of her physical impairment, all to her great financial detriment and loss and expects that she will be caused to expend various sums of money for medicine and medical attention in the future all to her great financial detriment and loss, and claim is made therefor.

18. As a further result of the aforementioned incident and resulting injuries, Plaintiff has been prevented from attending her usual and customary duties, vocation and occupations, thereby causing her to sustain a past loss of earnings and/or earning capacity, all to her great financial detriment and loss, and claim is made therefor.

**JURY DEMAND**

**WHEREFORE**, Plaintiff, Evelyn Holman requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff, Evelyn Holman suffered substantial and continuing injury and damages as a result of the negligence, carelessness and otherwise wrongful conduct on the part of the <u>Defendants, University of Delaware and Aramark Educational Services, LLC</u>, and award the following relief, as appropriate:

    i.    general and special damages;

    ii.    prejudgment interest, attorneys' fees and costs; and

    iii.    such other legal and equitable relief as the Court deems just and proper.

    **PERRY & SENSOR**

By: <u>/s/ Michael L. Sensor</u>
      Michael L. Sensor, Esquire
      Delaware Bar ID No. 3541
      One Customs House, Suite 560
      P.O. Box 1568
      Wilmington, DE 19899-1568
      Telephone: (302) 655-4482
      Attorney for Plaintiffs

Dated: May 25, 2010

<u>OF COUNSEL:</u>

Susan B. Ayres, Esquire
HILL & ASSOCIATES
Suite 1100
123 S. Broad Street
Philadelphia, PA 19109
Telephone: (302) 567-7600