IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EVELYN HOLMAN,                                : CIVIL ACTION
                                              :
            Plaintiff,                        :
                                              :
   v.                                         :
                                              :
UNIVERSITY OF DELAWARE, et al.,               : NO.  09-772
                                              :
            Defendants.                       :

## MEMORANDUM REGARDING JURISDICTION

Baylson, J.                                                    January 21, 2011

On October 16, 2009, Plaintiff Evelyn Holman ("Holman") filed a negligence claim against Defendant University of Delaware ("Delaware") for injuries she suffered when she tripped and fell in a kitchen of one of Delaware's cafeterias. (Holman Compl., ECF No. 1 ¶¶ 9-10.) Delaware subsequently filed a third-party complaint against, inter alia, Aramark Educational Services, LLC ("Aramark"). (Delaware Compl., ECF No. 10.) Holman amended her complaint to assert her negligence claim against Aramark. (Am. Compl., ECF No. 35.) Delaware voluntarily dismissed with prejudice its third-party complaint against Aramark. (ECF No. 22.)

Aramark then moved for judgment on the pleadings (ECF No. 51) and Delaware moved for summary judgment (ECF No. 52), which Aramark joined in part (ECF No. 54), against Holman. After the parties completed briefing on the pending motions, by letter to all counsel on November 23, 2010, the Court requested Holman's counsel to submit a brief in support of the Court's jurisdiction over this matter.

Holman contends this Court has jurisdiction based on diversity of citizenship under 28

-1-

U.S.C. § 1332. (Am. Compl. ¶ 1.) But after reviewing the Amended Complaint and Aramark's Amended Answer, it appears there is incomplete diversity of citizenship, with Plaintiff Holman a Pennsylvania citizen and Defendant Aramark also a Pennsylvania citizen. Specifically, Holman asserts she is a Pennsylvania citizen (Am. Compl. ¶ 4) and Aramark admits that its principal place of business is located at 1101 Market Street, Philadelphia, Pennsylvania 19107 (Am. Compl. ¶ 6; Am. Answer, ECF No. 48 ¶ 6). The Court instructed counsel to address the Third Circuit's ruling in Zambelli Fireworks Manufacturing Co. v. Wood, 592 F.3d 412 (3d Cir. 2010), that a limited liability company's citizenship for diversity purposes is determined by the citizenship of each of its members.

The Court received Holman's response on December 10, 2010. (ECF No. 69.) The response does not resolve the issue of subject matter jurisdiction. Holman's counsel indicates that he has been unable to identify the members of Aramark and, therefore, cannot identify the citizenship of its members. Holman notes, however, that Aramark is a subsidiary of Aramark Corporation. Holman then argues that because Aramark Corporation is a Delaware corporation, it is a citizen of Delaware, thereby preserving diversity jurisdiction. See 28 U.S.C. § 1332(c)(1).

Aramark submitted its response on December 21, 2010 (ECF No. 70), but does not identify its members. Instead, Aramark asserts that its parent company, Aramark Corporation, is also a Pennsylvania citizen because its principal place of business is located in Pennsylvania.

Holman's analysis is unhelpful for two reasons. First, the Third Circuit has held that an LLC's citizenship is determined by the citizenship of its members, not the citizenship of its parent company. See Zambelli, 592 F.3d at 418. Second, as Aramark points out, a corporation is also a citizen of the state in which it has its principal place of business. See 28 U.S.C. §

1332(c)(1). According to the materials submitted by Holman, Aramark Corporation's principal place of business is in Philadelphia, Pennsylvania. Thus, even under Holman's logic there would be no diversity between Holman and Aramark.

Because Holman filed her Amended Complaint in federal court, she bears the burden of establishing jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted). Complete diversity must exist for diversity jurisdiction to attach. See Grand Union Supermarkets of V.I. v. H.E. Lockhart Mgmt., 316 F.3d 408, 410 (3d Cir. 2003) (stating diversity jurisdiction "requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants").

Holman has failed to meet her burden of showing complete diversity exists in this matter. According to her Amended Complaint, she is a Pennsylvania citizen. (Am. Compl. ¶ 4.) She has failed to establish that Aramark has diverse citizenship and, therefore, she has failed to show that complete diversity exists. Consequently, unless Holman drops Aramark as a party-defendant, the Court is left with no alternative but to dismiss the Amended Complaint for lack of jurisdiction.

The Court will give Holman seven (7) days to advise the Court of her intentions. An appropriate Order will follow.

O:\Todd\09-772 Holman v. Univ. of Delaware (DE)\Holman - Memo re SM Jurisdiction.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVELYN HOLMAN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| UNIVERSITY OF DELAWARE, et al., | : | NO. 09-772 |
| Defendants. | : | |

## ORDER

AND NOW, on this 21st day of January, 2011, for the reasons in the accompanying Memorandum Regarding Jurisdiction, Plaintiff shall have seven (7) days from the entry of this Order to advise the Court in writing as to whether she intends to drop Aramark Educational Services, LLC as a party-defendant. Otherwise, the Court will dismiss the Amended Complaint for lack of subject matter jurisdiction.

BY THE COURT:

_____
Michael M. Baylson, U.S.D.J.

O:\Todd\09-772 Holman v. Univ. of Delaware (DE)\Holman - Order re SM Jurisdiction.wpd